This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                              **NO. 32,645**

**KIMBERLY SMITH,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CHAVES COUNTY**
**Steven L. Bell, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Acting Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**VANZI, Judge.**

Smith appeals her conviction for aggravated battery with a deadly weapon.  In our notice of proposed summary disposition, we proposed to affirm.  Smith has filed

a memorandum in opposition, which this Court has duly considered. As we do not find Smith's memorandum persuasive, we affirm.

**Sufficiency of the Evidence**

Smith contends that there was insufficient evidence to support her conviction for aggravated battery with a deadly weapon. [DS 4] In our notice of proposed summary disposition, we proposed to hold that, viewing the evidence in the light most favorable to the verdict, the evidence was sufficient. In Smith's memorandum in opposition, she points out that evidence was presented that would have supported acquittal, such as the fact that certain witnesses to the incident changed their testimony and that certain witnesses may have been biased against her. [MIO 1-4] However, when there is substantial evidence to support a verdict, the fact that there may have been factual inconsistencies or credibility questions is not a basis for reversal. *See State v. Sutphin*, 107 N.M. 126, 131, 753 P.2d 1314, 1319 (1988) (providing that a reviewing court "does not weigh the evidence and may not substitute its judgment for that of the fact finder so long as there is sufficient evidence to support the verdict"); *see also State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829 ("Contrary evidence supporting acquittal does not provide a basis for reversal because the jury is free to reject Defendant's version of the facts."). Accordingly, Smith has failed to demonstrate that the evidence was insufficient.

**Ineffective Assistance of Counsel**

Smith contends that her counsel provided her with ineffective assistance. [DS 5]  In our notice of proposed summary disposition, we proposed to hold that Smith had failed to make a prima facie showing of either deficient performance by counsel or that any deficiencies affected the outcome of her case. *See Patterson v. LeMaster*, 2001-NMSC-013, ¶¶ 17, 28, 130 N.M. 179, 21 P.3d 1032 (providing that in order to establish a prima facie claim of ineffective assistance of counsel on direct appeal, the defendant must show that (1) counsel's performance was deficient in that it fell below an objective standard of reasonableness, and (2) she suffered prejudice in that there is a reasonable probability that the result of the proceeding would have been different had counsel's performance not been deficient).  In Smith's memorandum in opposition, she lists a number of ways in which she believes that her counsel's representation was deficient, based primarily on counsel's strategy at trial.  However, on appeal, this Court will not second-guess counsel's trial strategy. *See State v. Gonzales*, 113 N.M. 221, 230-31, 824 P.2d 1023, 1032-33 (1992).  Accordingly, Smith has failed to establish a prima facie case of ineffective assistance of counsel on direct appeal.  If she believes she can demonstrate ineffectiveness if given the opportunity to present evidence at a hearing, she is free to seek other relief. *See State v. Martinez*, 1996-NMCA-109, ¶ 25, 122 N.M. 476, 927 P.2d 31 (expressing a "preference for habeas corpus proceedings over remand when the record on appeal does not establish a prima facie case of ineffective assistance of counsel").

For these reasons, we affirm.

**IT IS SO ORDERED.**

_____
**LINDA M. VANZI, Judge**

**WE CONCUR:**

_____
**CYNTHIA A. FRY, Judge**

_____
**TIMOTHY L. GARCIA, Judge**